PER CURIAM.
This court, proceeding in the manner outlined and recommended by the Supreme Court of the United States in Anders v. California, 386 U.S. 738, 744, 87 S.Ct. 1396, 18 L.Ed.2d 493, having deferred ruling on a motion of the public defender to withdraw as counsel for the indigent defendant-appellant, and having furnished appellant with a copy of the public defender’s memorandum brief, and having allowed the appellant a reasonable specified time within which to raise any points that he chose in support of this appeal, and the appellant having failed to respond thereto, on consideration thereof upon full examination of the proceedings we grant the motion and permit the public defender to withdraw.
However, the record reflects that a pys-chiatric evaluation of the defendant was ordered by the court prior to trial. Apparently, the defendant was found to be competent to stand trial because he was tried and found guilty. Subsequent to trial but prior to sentencing, the court ordered another psychiatric evaluation of the defendant. This time, he was found to he im-competent and was committed to the Division of Mental Health. For this reason, the appeal is dismissed without prejudice to the defendant to appeal after the defendant has been sentenced or other disposition of this cause has been made by the trial court. Prior to or at the time of further proceedings, the trial court shall consider appointing counsel for the defendant pursuant to Rule 3.111, CrPR.
It is so ordered.